# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ROBIN L. SEVERANCE-LOPEZ,**

      **Plaintiff,**

v.     Case No:  6:19-cv-282-Orl-22DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Robin L. Severance-Lopez (Claimant) appeals the Commissioner of Social Security's final decision denying her application for disability insurance benefits. Doc. 1. Claimant raises several arguments challenging the Commissioner's final decision and requests that the decision be reversed and benefits granted, or, in the alternative, that the case be remanded to the Commissioner for further proceedings. Doc. 28 at 9-12, 17-22, 27-29, 34. For the reasons set forth below, the undersigned **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**.

### I.     The ALJ's Decision

On December 31, 2014, Claimant filed her application for disability insurance befits. R. 307-08. The claim was denied initially (R. 223-25) and upon reconsideration. R. 226-230. On June 6, 2015, Claimant requested a hearing before an ALJ (R. 232-33), which was held on January 18, 2018. R. 101-183. The ALJ issued her decision on March 16, 2018. R. 15-46. In the decision, the ALJ found that Claimant had the following severe impairments: degenerative disc disease of the lumbar spine, migraines, asthma, history of Lyme disease, peripheral neuropathy of the

bilateral lower extremities, fibromyalgia, right foot disorder (hammer toe and neuroma), and depressive disorder. R. 21.[1]

The ALJ found[2] that Claimant had a residual functional capacity (RFC) to perform light work as defined by 20 C.F.R. §§ 404.1567(b) with some additional limitations. Specifically, the ALJ found as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full exertional range of light work as defined in 20 CFR 404.1567(b). The claimant can never climb ladders, ropes or scaffolds but she can occasionally climb ramps and stairs. The claimant can occasionally balance, stoop, kneel, crouch, or crawl. The claimant must avoid concentrated exposure to temperature extremes, wetness, and workplace hazards. The claimant can perform simple, routine tasks but with no more than occasional changes in a routine work setting.

R. 25. The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing as an information clerk, a ticket seller, and a ticket taker; jobs that exists in the national economy. R. 137-38. The ALJ thus found that Claimant was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." R. 40. The ALJ found that Claimant was not disabled between the initially alleged onset date and the date of the ALJ's decision. R. 40.

On March 21, 2018, Claimant requested review of the hearing decision. R. 1. On December 11, 2018, the Appeals Council denied Claimant's request for review. R. 1-6. On February 12, 2019, Claimant filed a complaint requesting that the Court reverse and set aside the

---

[1] The ALJ also identified one non-severe impairment: interstitial cystitis. R. 21.

[2] The undersigned recognizes that Claimant disputes this finding, and that issue will be discussed in this Report.

Commissioner's decision or, in the alternative, remand the case for a rehearing. Doc. 1 (the Complaint).

## II. Standard of Review

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and it must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III. Discussion

Claimant raises the following assignments of error: 1) the ALJ failed to make a proper RFC finding; 2) the ALJ erred by relying on the VE's response to the ALJ's hypothetical question; and

3) the ALJ erred in finding Claimant's testimony "not entirely credible." Doc. 28 at 9-12, 17-22, 27-29.

### A. Failure to Make a Proper RFC Finding

Claimant argues that the RFC is flawed for two reasons: 1) the ALJ's wording in the RFC is confusing; and 2) the ALJ failed to perform a function-by-function analysis. Doc. 28 at 9-12. The Commissioner argues that the ALJ made a clear RFC finding and that the ALJ properly discussed the relevant evidence and was not required to further discuss Claimant's ability to perform each of the exertional demands of light work. *Id.* at 12-17.

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis" before expressing the claimant's RFC in terms of exertional levels of work. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).[3] The ALJ must consider all of the claimant's medically determinable impairments, even those not designated as severe, when determining the claimant's RFC. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). "Provided the ALJ considers all of the evidence, he is not required to specifically and explicitly set forth his findings on a 'function-by-function basis' concerning a claimant's functional limitations and work-related abilities." *Goodrow v. Colvin*, No. 2:13-CV-672-FTM-CM, 2014

---

[3] The Eleventh Circuit has stated "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference[.]" *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010) (citation omitted).

WL 3955076 at *3 (M.D. Fla. Aug. 13, 2014) (citing *Freeman v. Barnhart*, 220 F. App'x 957, 960 (11th Cir. 2007) (finding that the ALJ complied with SSR 96–8p by considering the claimant's functional limitations and restrictions and, only after he found none, proceeding to express her residual functional limitations in terms of exertional levels)).

### i. The Wording of the RFC

Claimant makes the perfunctory argument that it is impossible to determine whether the RFC is supported by substantial evidence given the RFC's allegedly confusing wording. *See* Doc. 28 at 11. The entirety of Claimant's argument on this point reads as follows:

> It is not even clear what the ALJ meant by 'less than the full exertional range of light work as defined in 20 CFR 404.1567(b).' If we do not know what the ALJ actually held as being the limitations of the claimant, how can we determine whether the decision of the ALJ is actually supported by substantial evidence?

*Id.* (internal citations omitted). To the extent Claimant is trying to argue that the RFC is not supported by substantial evidence because the RFC itself is "not even clear," Claimant's argument fails. As an initial matter, Claimant does not offer any argument to suggest that the RFC was not supported by substantial evidence and, thus, waived the argument. *See, e.g., Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply

stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).

Further, even if the Court considers Claimant's argument on the merits, the argument should still fail because the RFC is not unclear. The RFC reads as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full exertional range of light work as defined in 20 CFR 404.1567(b). The claimant can never climb ladders, ropes or scaffolds but she can occasionally climb ramps and stairs. The claimant can occasionally balance, stoop, kneel, crouch, or crawl. The claimant must avoid concentrated exposure to temperature extremes, wetness, and workplace hazards. The claimant can perform simple, routine tasks but with no more than occasional changes in a routine work setting.

R. 25. The ALJ found that Claimant had the RFC to perform "less than the full exertional range of light work" and then listed those specific limitations that resulted in Claimant being able to perform "less than the full exertional range of light work." R. 25; *see* 20 C.F.R. § 404.1567(b) (defining light work); SSR 83-10, 1983 WL 31251 (further defining light work). This construction demonstrates that the ALJ found that Claimant could perform a reduced range of light work – that is, light work with the specific limitations the ALJ identified. *See* R. 25. Additionally, the ALJ stated that:

> If the claimant had the [RFC] to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.21 [which applies to an individual who can perform light work].[4] However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations.

R. 39. Accordingly, the undersigned finds that the RFC clearly articulates the ALJ's finding that Claimant can perform light work with the specific limitations listed in the RFC. For the foregoing reasons, the undersigned respectfully recommends that the Court reject Claimant's argument challenging the ALJ's RFC finding as unclear and therefore unsupported by substantial evidence.

---

[4] *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 2

### ii. Function-by-Function Analysis

Claimant also asserts that the ALJ failed to comply with Social Security Ruling (SSR) 96-8p. Doc. 28 at 11-12. According to Claimant, the ALJ erred by not indicating Claimant's functional limitations on a function-by-function analysis. *Id.* However, Claimant fails to explicitly argue either that the ALJ applied an incorrect legal standard or that the ALJ's decision was not based upon substantial evidence, and further fails to cite any legal authority supporting the request for remand on the basis of an SSR 96-8p violation. *See id.* at 9-12.

In her decision, the ALJ noted that Claimant alleged episodes of paralysis, hip disorder, and carpal tunnel syndrome, which the ALJ found were non-medically determinable impairments. R. 23. However, Claimant does not identify what impairment or alleged limitation the ALJ failed to consider at step four of the sequential evaluation process. *See* Doc. 28 at 11-12. The failure to identify any specific deficiencies in the ALJ's step four analysis undermines Claimant's argument.

Further, the ALJ thoroughly considered the medical, opinion, and testimonial evidence concerning each of Claimant's impairments, as well as the effect those impairments have on Claimant's ability to perform work-related activities. R. 23-38. Thus, the undersigned finds that the ALJ performed a proper function-by-function analysis and sufficiently set forth her finding, which was based on substantial evidence. *See* SSR 96-8p, 1996 WL 374184, at *1 (advising that the RFC assessment must consider all relevant evidence, including medical history, medical evaluations, daily activities, and lay evidence); *Goodrow,* 2014 WL 3955076 at *3; *Freeman,* 220 F. App'x at 960; *see also Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 263 (11th Cir. 2009) (finding that the ALJ performed a proper function-by-function analysis where the ALJ discussed

the medical evidence supporting the RFC).[5] Additionally, even if there were a violation of SSR 96-8p, Claimant has failed to argue – let alone establish – prejudice. *See Carroll v. Soc. Sec. Admin., Com'r,* 453 F. App'x 889, 892 (11th Cir. 2011) ("[W]e have held that an agency's violation of its own governing rules must result in prejudice before we will remand to the agency for compliance.") (citing *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981)).[6] For the foregoing reasons, the undersigned respectfully recommends that the Court reject Claimant's argument challenging the ALJ's function-by-function analysis.

### B. Hypothetical Question Posed to Vocational Expert

Claimant argues that the ALJ's hypothetical question to the Vocational Expert (VE) was not supported by substantial evidence for the following reasons: 1) the hypothetical was flawed because it did not contain the same limitations noted in the RFC; and 2) the hypothetical did not sufficiently account for Claimant's moderate limitations in maintaining concentration, persistence, or pace. Doc. 28 at 17-21. Thus, Claimant argues that "the testimony of the [VE] should be rejected because it did not fully and accurately reflect [Claimant's] condition, and the ALJ committed a legal error by relying on the flawed testimony of the [VE]." *Id.* at 22.

The Commissioner argues that the ALJ's hypothetical question was consistent with the RFC and that the hypothetical questions sufficiently accounts for Claimant's moderate limitations in maintaining concentration, persistence, or pace. *Id*. at 22-27. Thus, the Commissioner argues that the ALJ did not err by relying on the VE's testimony in determining that Claimant can perform

---

[5] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

representative occupations such as information clerk, ticket seller, and ticket taker; jobs that exist in the national economy. *Id*. at 23, 27.

At step five of the sequential evaluation process, once the claimant has proven that the claimant can no longer perform past relevant work, the burden shifts to the Commissioner "to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Jones v. Apfel*, 190 F.3d 1224, 1228-30 (11th Cir. 1999) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). An ALJ may rely on the testimony of a VE in determining whether the claimant can perform other jobs in the national economy. *Id*. at 1229. The ALJ is required to pose hypothetical questions that are accurate and that include all of the claimant's functional limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). The ALJ, however, is not required to include "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or "findings . . . that the ALJ . . . properly rejected as unsupported" in the hypothetical question, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Where the ALJ relies on the VE's testimony but fails to include all the claimant's functional limitations in the hypothetical question, the final decision is not supported by substantial evidence. *See Pendley*, 767 F.2d at 1562 (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).

      **i.**    **Inconsistency Between the RFC and the ALJ's Hypothetical Question**

Claimant argues that the ALJ's hypothetical question to the VE was not consistent with the ALJ's RFC determination – such that the hypothetical question did not account for all of the limitations noted in the RFC – and therefore that the hypothetical question is not supported by substantial evidence. Doc. 28 at 19. The undersigned disagrees.

The ALJ posed the following hypothetical question to the VE:

> [A]ssume please a hypothetical person of the same age, education and work experience as the claimant. Further assume this person can perform work at the light exertional level. She can never climb ladders, ropes or scaffolds. She can occasionally climb ramps or stairs, occasionally balance, stoop, kneel, crouch, or crawl. She must avoid concentrated exposure to temperature extremes, wetness and workplace hazards. She can perform simple, routine tasks but with no more than occasional changes in a routine work setting. Could this person perform the claimant's past work?...And would there be other jobs this person could perform?

R. 179-180. Claimant argues that the RFC limits Claimant to "less than the full exertional range of light work" (R. 25) while the hypothetical question contemplates a claimant who can perform work *at* the light exertional range, and thus that the hypothetical question does not contain the same limitations noted in the RFC. Doc. 28 at 19. As the undersigned has already discussed at length, the RFC articulates a clear finding that Claimant can perform light work with the specific limitations listed in the RFC, and the RFC is based on substantial evidence. *See supra* subsection (A)(i). Accordingly, because the ALJ's hypothetical question to the VE also contemplates a claimant who can perform light work – with the same specific limitations listed in the RFC – the undersigned finds that the ALJ's hypothetical question to the VE is consistent with the RFC and is based on the same substantial evidence. For the foregoing reasons, the undersigned respectfully recommends that the Court reject Claimant's argument challenging sufficiency of the hypothetical question based on any alleged inconsistency with the RFC.

### ii. Accounting for Limitations Maintaining Concentration, Persistence, or Pace

Claimant also argues that the ALJ's hypothetical question does not sufficiently account for Claimant's moderate limitations in maintaining concentration, persistence, or pace. Doc. 28 at 21-22. The undersigned disagrees.

If a claimant is found to suffer moderate limitations in maintaining concentration, persistence, or pace, the ALJ must either "indicate that medical evidence suggested [that] claimant's] ability to work was unaffected by [those] limitation[s]," or include those limitations,

either explicitly or implicitly, in the hypothetical question(s) posed to the VE. *Winschel*, 631 F.3d at 1181. In the RFC, the ALJ can account sufficiently for moderate limitations in maintaining concentration, persistence and pace by including a restriction to simple or routine tasks, if the medical evidence demonstrates that the claimant has the ability to perform those tasks despite such limitations. *See, e.g.*, *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 907 (11th Cir. 2013); *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950-51 (11th Cir. 2013); *Washington v. Soc. Sec. Admin., Comm'r*, 503 F. App'x 881, 883 (11th Cir. 2013).

Here, the ALJ noted the following with respect to Claimant's ability to maintain concentration, persistence, or pace:

> The admission examination at Osceola Regional Medical Center (ORMC) indicated the claimant was alert and oriented. Consulting physician Matthew Bryce Owen, D.O., observed the claimant was also alert and oriented (Exhibit 1F). Fernando Gonzalez-Portillo, M.D., continually observed the claimant was alert and oriented in all three spheres but noted having some confusion (Exhibit 18F).
>
> Laura B. Simmons, M.D., repeatedly observed the claimant was oriented in all four spheres (Exhibit 3F). Gynecologist David A. Marcantel, M.D., repeatedly observed the claimant was alert (Exhibit 5F). Peggy Kennamer-Linn, LMHC, continually observed the claimant was oriented in all four spheres (Exhibits 11F, 16F). Johnathan A. Blum, DPM, continually observed throughout examinations, the claimant was alert and oriented in all three spheres (Exhibit 20F). Christopher E. Baur, M.D., repeatedly observed throughout treatment, the claimant was alert and oriented in all three spheres; attention span and ability to concentrate were normal; and fund of knowledge was also appropriate.

R. 24. As a result, the ALJ found that Claimant had moderate limitations in concentrating, persisting, or maintaining pace. *Id*. The ALJ proceeded to find that Claimant had the RFC to perform, in relevant part, "simple, routine tasks but with no more than occasional changes in a routine work setting." *Id*. at 25. These limitations sufficiently account for Claimant's moderate limitations in maintaining concentration, persistence, or pace. Specifically, the limitation to "simple, routine tasks" is supported by objective mental status exam findings, as well as opinion evidence from state agency psychological consultants, Mike Dow, Ph.D., and Michael Stevens,

Ph.D., who opined that Plaintiff had moderate limitations in concentration, persistence, or pace, but could understand and recall work procedures for simple and details tasks, concentrate, attend, and persist on both simple and complex tasks for at least two-hour periods, and adapt to changes in the workplace. *See* R. 32-33, 35, 190, 194-95, 209, 215-15. This evidence supports the ALJ's finding that Claimant can perform "simple, routine tasks…with no more than occasional changes in a routine work setting" (R. 25) despite her moderate limitations in maintaining concentration, persistence, or pace. *See* 20 C.F.R. § 404.1545(a)(3); SSR 96-8p; *Winschel* 631 F.3d at 1180 ("[W]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations."); *see also Washington*, 503 F. App'x at 883 ("Because the evidence showed that [claimant] could perform simple, routine tasks, the ALJ's hypothetical question to the VE which included this limitation adequately addressed [claimant's] limitations as to concentration, persistence, or pace."); *Carpenter v. Comm'r of Soc. Sec.*, 614 F. App'x 482, 490 (11th Cir. 2015) (finding that the ALJ's hypothetical question adequately accounted for concentration, persistence, or pace limitations where the ALJ incorporated such limitations in his hypothetical question by specifying that the hypothetical claimant was "capable of performing at least simple unskilled, routine, and repetitive tasks, one- to three-step instructions.").

Thus, the undersigned finds that the ALJ sufficiently accounted for Claimant's moderate limitations in maintaining concentration, persistence or pace in the RFC determination; the undersigned reiterates the finding that the RFC is based on substantial evidence. Accordingly, the undersigned respectfully recommends that the Court reject Claimant's argument challenging the sufficiency of the ALJ's hypothetical question with respect to Claimant's limitations in

concentration, persistence, or pace and, as a result, find that the ALJ did not err by relying on the VE's testimony in determining that Claimant can perform representative occupations such as information clerk, ticket seller, and ticket taker; jobs that exist in the national economy. *See* R. 39-40.

### C. Credibility

Claimant argues that the ALJ provided a boilerplate credibility determination and did not provide any specific reasons supporting her determination that Claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms are "not entirely credible[.]" Doc. 28 at 27-29.[7] However, Claimant does not identify what impairment or alleged limitation the ALJ failed to credit. *See id*. This failure to identify any specific deficiencies in the ALJ's analysis undermines Claimant's argument. The Commissioner essentially argues that the ALJ applied the correct legal standard in making her credibility determination, which, the Commissioner asserts, is supported by substantial evidence. Doc. 28 at 29-33.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

---

[7] Claimant also states that: "The ALJ did not make accurate and specific findings as to credibility of [Claimant], thereby amounting to a failure in developing a full and fair record." Doc. 28 at 29. To the extent that Claimant attempts to argue that the ALJ erred by failing to fully develop the record, the undersigned finds such argument perfunctory and therefore waived. *See, e.g., Jacobus*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned).

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).  If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work.  20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).  In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work.  *Id*. at §§ 404.1529(c)(1)-(4), 416.929(c)(1)-(4).  "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so."  *Foote*, 67 F.3d at 1561-62.  "Credibility determinations are the province of the ALJ."  *Moore v. Barnhart,* 405 F.3d 1208, 1212 (11th Cir.2005).  The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence.  *Foote*, 67 F.3d at 1562.

As an initial matter, the undersigned notes that in asserting that the ALJ's credibility determination was not supported by substantial evidence, Claimant never references her own testimony.  *See* Doc. 28 at 27-29.  In other words, Claimant provides no indication of which testimony the ALJ allegedly improperly deemed lacked sufficient credibility.  The claimant bears the burden of demonstrating that he or she is disabled (*Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003), and Claimant's failure to identify which testimony the ALJ allegedly improperly discredited frustrates proper review of Claimant's argument.  As such, the undersigned finds that Claimant's argument challenging the ALJ's credibility determination – argument that is divorced from any reference to the portions of Claimant's testimony that was allegedly improperly discredited by the ALJ – does not provide a proper basis for the Court to reverse the ALJ's

credibility determination and, thus, the Court could conclude its analysis and reject Claimant's third assignment of error. Regardless, the undersigned will address Claimant's argument.

Claimant argues that the ALJ provided a boilerplate credibility determination and did not provide any specific reasons supporting her determination that Claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms are "not entirely credible[.]" Doc. 28 at 27-29. Claimant quotes the following excerpt from the ALJ's decision:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

Doc. 28 at 28 (quoting R. 35). Claimant characterizes the above paragraph as "*the* credibility finding" and argues that "this credibility determination is still nothing more than boiler plate type language commonly found in Social Security decisions." Doc. 28 at 28. However, Claimant has actually quoted the paragraph that concludes the ALJ's discussion of Claimant's credibility. *See* R. 33-35. Throughout the preceding eleven paragraphs, the ALJ provided specific reasons in support of her credibility determination. *Id.*

The ALJ began by stating that with respect to Claimant's alleged impairments, the treatment records, examination findings, and imaging reports are consistent with the RFC. R. 33. The ALJ stated that after considering Claimant's allegations and testimony, the ALJ concluded that although Claimant's depression and anxiety affected Claimant's level of functioning, the evidence of record does not support the degree of limitation alleged. R. 33. The ALJ then summarized diagnostic findings and examinations that are inconsistent with Claimant's alleged symptoms. R. 33-34. The ALJ noted that the findings and examinations, "in addition to

demonstrating the inconsistencies between allegations and the record…underscore the suggestion the symptoms are not disabling." R. 34.

The ALJ also stated that Claimant's "reported activities of daily living are inconsistent with the allegations of disability, and further, suggest the claimant is not entirely disabled." R. 34. The ALJ summarized these inconsistencies, noting that Claimant planned two vacations but also testified to suffering from regular, debilitating migraines; that Claimant testified she does not like pain medication and refuses to take it but also testified to suffering from pain so severe that she vomits and "passes out"; that Claimant testified her driver's license was revoked based on her dizziness but that she is physically able to drive and does so without a license; and that Claimant testified she cares for her child by herself but claims to be entirely disabled. R. 34-35.

The ALJ specifically noted that at the time of the hearing, Claimant testified that she had been without her prescribed medication for two weeks and that Claimant "explained vaguely that this was due to a pharmacy mix-up occurring for the past two weeks." R. 34. The ALJ stated that it appears inconsistent with Claimant's alleged impairments that she would not take prescribed medications. R. 34.

Thus, the ALJ found that Claimant's allegations concerning the intensity, persistence, and limiting effects of her symptoms were "not entirely credible" because the allegations were: 1) not entirely consistent with the objective medical evidence; 2) undermined by Plaintiff's occasional failure to comply with prescribed treatment; and 3) inconsistent with her activities of daily living and during the relevant period. R. 33-35. These reasons demonstrate that the ALJ's credibility determination was not limited to the boilerplate language highlighted by Claimant. Thus, the undersigned finds that Claimant's argument challenging the sufficiency of the ALJ's credibility

determination unpersuasive. Therefore, the undersigned respectfully recommends that the Court reject Claimant's argument challenging the sufficiency of the ALJ's credibility determination.

### IV. Conclusion

Accordingly, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the Commissioner's final decision; and

2. Direct the Clerk to enter judgment in favor of the Commissioner and against the Claimant, and close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 2, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy