# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBIN L. SEVERANCE-LOPEZ,**

      **Plaintiff,**

v.                                            Case No:    6:19-cv-282-Orl-22DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

___

## MEMORANDUM DECISION AND ORDER

This cause is before the Court on the Complaint of Plaintiff Robin L. Severance-Lopez seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") denying disability insurance benefits.

The United States Magistrate Judge has submitted a report recommending that the decision of the Commissioner be **AFFIRMED.** (Doc. 29).

After an independent *de novo* review of the record in this matter, including the objections filed by the Plaintiff (Doc. 30) and the Commissioner's Response (Doc. 31), the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation.

## I. BACKGROUND

The Court briefly sets forth the relevant procedural history. On December 31, 2014, Plaintiff filed her application for disability insurance benefits, alleging disability beginning on July 9, 2014, when she was 39 years old. R. 184, 307-08. After her application was denied initially and on reconsideration, on January 18, 2018, an Administrative Law Judge ("ALJ") held a hearing at Plaintiff's request. R. 101-83. Considering Plaintiff's age, education, work experience, and residual functional capacity, and based on the testimony of the VE, the ALJ determined that

Plaintiff could not perform her past relevant work as a sheriff's deputy, but that there were jobs which exist in significant numbers in the national economy that Plaintiff was capable of performing, *i.e.*, the representative occupations of an information clerk, a ticket seller, and a ticket taker. R. 40.

On March 16, 2018, the ALJ issued a decision finding Plaintiff not disabled through the date of the decision. R. 15-46. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied Plaintiff's request for review on December 11, 2018. R. 1-6. Thereafter, on February 12, 2019, Plaintiff filed her Complaint in this Court. (Doc. 1).

## II. LEGAL STANDARDS

A. *Review of Magistrate Judge's Report & Recommendation*

In the Eleventh Circuit, a district judge may accept, reject or modify a magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). A district judge must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1) (C). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*. This requires that the district judge "give fresh consideration to those issues to which specific objection[1] has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir.1990) (citing H.R.Rep. No. 94–1609, 94th Cong., 2nd Sess., *reprinted in* 1976 U.S.Code Cong. & Admin. News 6162, 6163). A district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper–Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

---

[1]To the extent Plaintiff states that she "incorporates by reference" *all* of the arguments she made in the joint brief (Doc. 30 at 1), the Court considers only those arguments specifically objecting to the factual determinations in the Report and Recommendation.

B. *Social Security Sequential Evaluation Process*

When an ALJ makes a disability determination, the ALJ follows a five-step evaluation process: (1) whether Plaintiff is currently performing substantial gainful activity; (2) whether Plaintiff has a severe impairment; (3) whether the severe impairment meets or exceeds an impairment in the listings; (4) whether the Plaintiff can perform her past relevant work; and (5) whether Plaintiff can perform other jobs that exist in the national economy. *See Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136–37 (11th Cir. 2009) (citations omitted).[2] The Plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Id.* at 137 (citation omitted).

When reviewing the ALJ's findings of fact, the Social Security Act mandates that "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citation omitted); *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (the court must determine whether the Commissioner's decision is "supported by substantial evidence and based on proper legal standards"). Substantial evidence is evidence that is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote*, 67 F.3d at 1560 (citations omitted).

The Court also reviews *de novo* the ALJ's conclusions of law. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). If the ALJ fails to apply the correct law or provide the Court with sufficient reasoning for determining that the proper legal analysis was conducted, then the Court must reverse. *Id.* (citation omitted). The Court must view the evidence as a whole, taking

---

[2]Unpublished opinions of the Eleventh Circuit are not considered binding precedent, but they may be cited as persuasive authority. 11th Cir. R. 36-2.

into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quotation omitted).

## III. PLAINTIFF'S OBJECTIONS

Plaintiff's objections to the ALJ's decision, and the Magistrate Judge's Report & Recommendation affirming that decision, are twofold: (1) the ALJ erred in assessing her residual functional capacity ("RFC") by failing to properly define "less than the full exertional range of light work" and omitting a function-by-function analysis; and (2) the ALJ erred by posing an inaccurate hypothetical to the vocational expert. (Doc. 30). The Commissioner argues that substantial evidence supports the ALJ's decision, as the Magistrate Judge determined. (Doc. 31).

In the decision, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, migraines, asthma, a history of Lyme disease, peripheral neuropathy of the bilateral lower extremities, fibromyalgia, right foot disorder (hammer toe and neuroma), and depressive disorder.[3] R. 21. The ALJ found that Plaintiff had the RFC to perform less than the "full exertional range of light work" as defined in 20 CFR § 404.1567(b) with certain postural, environmental, and mental limitations; and she could perform simple, routine tasks. R. 25. Following a lengthy and detailed description of Plaintiff's medical treatment records (R. 25-33), the ALJ found that Plaintiff's allegations of disabling symptomatic conditions were inconsistent with specific diagnostic findings which were normal (as discussed in detail below). R. 33. In response to the ALJ's hypothetical question to the vocational expert (VE) which incorporated the RFC determination, the VE testified that Plaintiff was capable of performing positions in the national economy as an information clerk, a ticket seller, and a ticket taker. R. 137-

---

[3]The ALJ also determined that Plaintiff had the non-severe impairment of interstitial cystitis. R.21.

- 4 -

38. Based on the RFC assessment and the VE's testimony, the ALJ found that Plaintiff was capable of performing other work available in the national economy. R. 40. Accordingly, the ALJ determined that Plaintiff was not disabled between the alleged onset date and the date of the ALJ's decision. R. 40.

    A. *Residual Functional Capacity Finding*

Plaintiff argues that the ALJ erred in determining the Plaintiff's RFC assessment and that Plaintiff was "not disabled" based on the confusing phrase that Plaintiff had the ability to perform "less than the full exertional range of light work" and failed to provide a function-by-function analysis. The Commissioner argues that the ALJ cited the appropriate regulations and medical evidence of record in determining Plaintiff's RFC assessment.

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). An individual's RFC is the assessment of what she is still able to do despite the limitations caused by her impairments. 20 C.F.R. § 404.1545(a). The ALJ assesses and makes a finding about the plaintiff's residual functional capacity based on all the relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five. The ALJ also uses the RFC to determine whether the plaintiff can adjust to other work under the fifth step. *Phillips,* 357 F.3d at 1238 (citing 20 C.F.R. § 404.1520(e)).

In this case, the ALJ found that Plaintiff had the RFC to perform light work with the following additional limitations:

> [T]he claimant has the residual functional capacity to perform less than the full exertional range of light work as defined in 20 CFR § 404.1567(b). The claimant can never climb ladders, ropes or scaffolds but she can occasionally climb ramps and stairs. The claimant can occasionally balance, stoop, kneel, crouch, or crawl.

> The claimant must avoid concentrated exposure to temperature extremes, wetness, and workplace hazards. The claimant can perform simple, routine tasks but with no more than occasional changes in a routine work setting.

R. 25. Magistrate Judge Irick rejected Plaintiff's challenge that the ALJ's wording of the RFC was "unclear," finding that the ALJ determined Plaintiff could perform a reduced range of light work with the specific additional limitations as set forth above. (Doc. 29 at 6).

Plaintiff argues that the limitations listed by the ALJ in the RFC determination above fail to appropriately define what the ALJ meant by "less than the full exertional range of light work" because the ALJ did not specifically refer to the exertional requirements of light work such as sitting, standing, walking, and lifting within the same paragraph of the ALJ's decision. Instead, Plaintiff argues, the ALJ erred by listing only non-exertional limitations in the same paragraph, and these limitations have nothing to do with whether a job Plaintiff might be capable of performing is classified as sedentary, light, medium, heavy or very heavy under the regulations.

The ALJ cited in her decision to the correct Social Security Regulation, 20 CFR § 404.1567(b), which defines "light work" as:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 CFR § 404.1567(b).

Plaintiff also cites a Social Security Administration Ruling which defines the exertional requirements of the "full range of light work" as:

> "Frequent" means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. The lifting requirement for the majority of light works can be accomplished with occasional, rather than frequent, stooping many unskilled light jobs are performed primarily in one location, with the ability

> to stand being more critical than the ability to walk. They require the use of arms
> and hands to grasp and hold and turn objects and they generally do not require the
> use of fingers for fine activities to the extent required and much sedentary work.

SSR 83-10, 1983 WL 31251.

Plaintiff contends that, although the ALJ found Plaintiff had the RFC to perform "less than the full *exertional* range of light work," the ALJ went on to specifically find that Plaintiff was limited by *non-exertional* limitations which are postural, environmental, and mental limitations which do not directly affect the capacity to sit, stand, walk, or lift. (Doc. 30 at 3). Plaintiff contends that because the ALJ erroneously failed to indicate exactly what she meant by the phrase "less than the full exertional range of light work," the RFC determination is unclear and not supported by substantial evidence. Plaintiff also argues that the ALJ erred in failing to provide a function-by-function analysis in the RFC assessment, contrary to the directives of Social Security Ruling 96-8p which notes that the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related activities on a function-by-function basis"[4] before expressing the RFC "in terms of the exertional levels of work," such as sedentary or light. Social Security Ruling ("SSR") 96–8p, 1996 WL 374184.

Plaintiff argues that the Eleventh Circuit's decision in *Castel v. Commissioner of Social Security*, 355 F. App'x 260, 263 (11th Cir. 2009), is inapposite to this case because the appellate court affirmed the ALJ's decision that indicated an RFC for lifting 50 pounds occasionally and 20 pounds frequently as well as standing, walking, and sitting for six hours per eight hour work day, which was essentially a function-by-function analysis. *Id.* Plaintiff argues that without the function-by-function analysis in the RFC, the ALJ's decision is not based on substantial evidence.

The Commissioner argues that the ALJ's citation to the Social Security Regulation for light work (§ 404.1567(b)) and the thorough discussion of the medical evidence in determining

---

[4]This includes the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945.

Plaintiff's RFC assessment was sufficient, and the ALJ was not required to further discuss Plaintiff's ability to perform each of the exertional demands of light work. (Doc. 31 at 3). The Commissioner contends the ALJ's finding with regard to the Medical-Vocational Rules makes it clear that the ALJ determined Plaintiff had the capacity "to perform all or substantially all of the requirements of this level of [light] work [which] has been impeded by additional" limitations, particularly because the preceding sentence defined the level as "the full range of light work." (Doc. 31 at 2 (citing R. 39)).

The Commissioner additionally argues that the ALJ properly discussed the relevant evidence in finding Plaintiff could perform a reduced range of light work and was not required to further discuss Plaintiff's ability to perform each of the exertional demands of light work. (Doc. 31 at 3 (citing *Castel*, 355 F. App'x 263; *Freeman v. Barnhart*, 220 F. App'x 957, 959-60 (11th Cir. 2007)).

Magistrate Judge Irick found Plaintiff's argument regarding the allegedly confusing wording of the RFC to be perfunctory because the argument consisted of just two sentences, one of which was a rhetorical question. (Doc. 29 at 5 (citing Doc. 28 at 11)). He held that Plaintiff had "not offer[ed] any argument to suggest that the RFC was not supported by substantial evidence and, thus, waived the argument" because she failed to provide any case law or reasoning in support. (*Id*. at 5-6 (citing *e.g.*, *Jacobus v. Comm'r of Soc. Sec*., No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned)). In spite of finding Plaintiff had waived the argument, Magistrate Judge Irick did address her potential claim on the merits, finding the ALJ's construction of the paragraph regarding the RFC demonstrated that the ALJ had found Plaintiff could perform a reduced range of light work with the specific limitations the ALJ had identified. (Doc. 29 at 6 (citing R. 25)). Thus, he

found that "the RFC clearly articulates the ALJ's finding that [Plaintiff] can perform light work with the specific limitations listed in the RFC." (*Id.*).

The Court finds that the ALJ's decision was based on substantial evidence and is consistent with Eleventh Circuit caselaw, albeit the persuasive (unpublished) decisions of *Castel* and *Freeman*. Following a lengthy and very detailed description of Plaintiff's medical treatment records (R. 25-33), the ALJ found that Plaintiff's allegations of disabling symptoms and conditions were inconsistent with specific results of diagnostic testing, all of which were normal. R. 33. The ALJ cited the following diagnostic test results: an MR angiograph of the head was negative; EMGs for neuropathy in the upper and lower extremities and bilateral hands were negative or normal, without evidence of neuropathy or cervical radiculopathy; the MRI scan of the lumbar spine revealed only mild findings for one disc; and a clear chest x-ray and pulmonary function testing showing "mild" asthma. R. 33 (citing specific medical records).

The ALJ further noted numerous examinations that were "inconsistent with symptom presentation," including exams of the neurological system, the lungs, hip joint and back, and psychiatric/mental examinations reporting normal memory, concentration, attention, mood, and affect. R. 33-34. Plaintiff also "repeatedly denied any balance difficulties, fainting spells, troubles with balance or coordination, or loss of strength or sensation in a specific body area," and "routinely denied any arthralgias or joint and back pain, or respiratory disorders." R. 34. The ALJ found that "[i]n addition to demonstrating the inconsistencies between allegations and the [medical] records, these factors underscore the suggestion the symptoms are not disabling." R. 34. The ALJ found as to Plaintiff's overall credibility regarding her limitations:

> No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairments that could reasonably be expected to produce the symptoms (20 CFR 404.1529; and SSR 16-3p).

> The claimant's reported activities of daily living are inconsistent with the allegations of disability, and further, suggest the claimant is not entirely disabled. Dr. Baur noted . . . [Plaintiff] is going on a trip to Michigan [and] [o]n June 10, 2015 . . . reported to Dr. Hussain she was going on vacation but will be back in August. Yet [Plaintiff] testified her migraine headaches are debilitating and she needs to stay in a dark room all day.
>
> The claimant testified she does not like pain medication and refuses to take them. However, she also [sic] that pain was so severe it makes her vomit and pass out. At the time of hearing she had been without her medications for two weeks. The claimant explained vaguely that this was due to a pharmacy mix-up occurring for the past two weeks. Further, with such reported ailments, it appears inconsistent that the claimant would not take prescribed medications. The claimant testified that her driver's license was revoked due to dizziness but she further testified she does pick up her eight-year-old son from school. The claimant also testified she could drive home after the hearing if she had her license. When the representative inquired about her revoked driver's license, the claimant explained she does drive without a license. The claimant cares for the child by herself as she testified that her spouse is not home and she receives no help from other relatives. These actions appear inconsistent and at best, vague even with explanations. Many of the admitted tasks or documented activities underscore [Plaintiff] is not entirely disabled. Subjective complaints are subject to being discounted if there are inconsistencies in the evidence as a whole. Regarding medication, failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits.
>
> . . .
>
> After careful consideration of the evidence, the undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

R. 34-35 (internal citations to the record omitted).[5]

The ALJ determined that Plaintiff did have exertional limitations and she specifically referred to the "exertional limitations" as determined by the State Agency medical consultant, Dr. Jesse Palmer. R. 36. The ALJ determined on review of evidence submitted after the date of Dr.

---

[5]Although Plaintiff initially appealed the ALJ's finding that her testimony was "not entirely credible," she did not object to the Magistrate Judge's determination that the ALJ's finding on this issue was "not erroneous." (Doc. 29 at 13-16). Because Plaintiff does not challenge the credibility determination in her objections to the Report and Recommendation, the Court need not address it here.

Palmer's report that "greater restrictions beyond Dr. Palmer's determined medium exertional levels [were] appropriate." R. 36 (citing Exhibit 4A(R. 211-18)). Dr. Palmer had opined on October 8, 2015 that Plaintiff had exertional limitations, but nevertheless she could stand, walk, and sit about six hours in an eight-hour day, as required for light or medium work. However, Dr. Palmer had opined that Plaintiff could occasionally lift up to 25 pounds frequently and 50 pounds occasionally and assigned Plaintiff an RFC at the medium[6] exertional level rather than the light level. R. 212. Dr. Palmer relied on pre-October 2015 reports of "MRAs as well as MRI of the cervical spine [which] were essentially benign" with "[s]ome mild disc bulging on the [spine] MRI" and "[l]aboratory tests were also unrevealing and benign."[7] R. 213-14.

The ALJ similarly found numerous "mild" diagnostic findings but included the records submitted after October 2015 in assigning an RFC for light work:

> [T]he undersigned gives State agency consultant [Dr.] Palmer limited weight. The undersigned concurs with Dr. Palmer that the claimant can perform at a less than full exertional level. This is demonstrated in the October 17, 2014 MRI scan of the lumbar spine [which] revealed only mild findings. The April 16, 2015 pulmonary function test performed at the Mayo Clinic showed a mild asthma. Treating rheumatologist Dr. Simmins repeatedly observed edema in the extremity (unspecified) with tender points. Treating podiatrist Dr. Blum continually observed throughout examinations, there was hammertoe deformity with mild or no pain. Despite alleging foot disorder, it was repeatedly noted the claimant ambulated without an assistive device. The September 15, 2016 progress notes from Dr. Ahmed indicate the claimant's asthma was mild and intermittent. These observations, however, also demonstrate greater restrictions beyond Dr. Palmer's determined medium exertional levels are appropriate. Therefore, limited weight given is justified.

R. 36.

---

[6]Medium work involves lifting 50 pounds occasionally and 25 pounds frequently; someone who can do medium work can also do light and sedentary work. 20 CFR § 404.1567(c).

[7]Dr. Palmer further opined that Plaintiff's "constellation of multiple somatic complaints in the absence of significant organ dysfunction of the last several months is suggestive of a central sensitization disorder. Examination was benign . . . Muscle weakness examination was benign. No evidences of significant myopathy. No evidence of muscle atrophy. Suspect that the muscle weakness is part of the central sensitization process with fibromyalgia features." R. 214. The ALJ incorporated the normal finding from many of the same medical records in her credibility determination but considered those records submitted post-October 2015. *See* R. 33.

In *Freeman v. Barnhart*, 220 F. App'x 957, 960 (11th Cir. 2007), as in this case, the plaintiff argued that the ALJ erred in failing to identify her functional limitations and work-related abilities on a function-by-function basis and posed an inaccurate hypothetical to the VE that lacked limitations on standing, walking, or sitting. The Eleventh Circuit rejected Plaintiff's argument:

> While the ALJ could have been more specific and explicit in his findings, he did consider all of the evidence and found that it did not support the level of disability [the plaintiff] claimed. Only after he determined that she failed to carry her burden of showing that she had become disabled from performing any of her work-related activities did he state that she could perform light exertional activity. Therefore, the ALJ complied with SSR 96–8p by considering [the plaintiff's] functional limitations and restrictions and, only after he found none, proceeding to express her residual functional limitations in terms of exertional levels. Furthermore, *the ALJ's analysis of the evidence and statement that [the plaintiff] could perform light work indicated how much work-related activity she could perform because "light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8–hour workday."* SSR 83–10. . . . In sum, the ALJ adequately analyzed and described Freeman's functional capacity.

*Id*. at 960 (emphasis added). Plaintiff fails to cite or distinguish *Freeman*, which is directly on point to the facts of this case. As in *Freeman*, although the ALJ in this case could have been "more specific and explicit" in listing the exertional-limitation findings, the ALJ only determined that Plaintiff could perform light exertional activity *after* she determined that Plaintiff had not met the burden of showing that she had become disabled from performing any of her work-related activities. *See id.*; *see also Kerridge v. Comm'r of Soc. Sec.*, No. 6:10-CV-1009-ORL-DAB, 2011 WL 3739025, at *8 (M.D. Fla. Aug. 22, 2011) (relying on *Freeman* in holding that the ALJ's specific reference to the applicable descriptions of sedentary work in the Social Security Regulations, rather than the individual criteria, indicated she was aware of those criteria in determining the RFC); c*f. Wood v. Comm'r of Soc. Sec.*, No. 6:12-CV-1883-ORL-22GJK, 2014 WL 117088, at *7 (M.D. Fla. Jan. 13, 2014) (Conway, C.J.) (adopting recommendation of the magistrate judge who relied on *Freeman* in finding plaintiff's argument unpersuasive that the ALJ had erred in failing to conduct a function-by-function analysis, but remanding on other grounds).

The Eleventh Circuit case that Plaintiff cites, *Castel v. Commissioner of Social Security,* is persuasive authority for the point that the ALJ is not required to specifically refer to every piece of evidence as long as the findings are sufficient to show that the ALJ considered Plaintiff's medical condition as a whole—including appropriately relying on the state agency physician's report in determining the RFC. 355 Fed. Appx. 260, 263 (11th Cir. Nov. 30, 2009), (holding administrative law judge's decision was based on substantial evidence where he considered two disability agency physicians' opinions regarding the claimants' ability to walk, lift, and grab in assessing the RFC). In this case, the ALJ only found that Plaintiff could perform a reduced range of light work, citing to the specific Social Security regulations, *after* discussing Plaintiff's "normal" and "mild" results on diagnostic testing and the exertional limitations set forth in the RFC opinion of the state agency physician, Dr. Palmer.[8] Thus, the ALJ's decision was based on substantial evidence.

B. *Hypothetical to the VE*

Plaintiff's second argument is that the ALJ erred by not including the appropriate RFC in the hypothetical to the VE. (Doc. 30 at 5). Plaintiff cites the RFC the ALJ found, that Plaintiff could "perform less than the full exertional range of light work as defined in 20 CFR § 404.2567(b)," but challenges the ALJ's inclusion of only non-exertional limitations in the RFC. Plaintiff argues that the non-exertional limitations do not have anything to do with defining the exertional level a claimant can perform. Plaintiff argues that the ALJ's hypothetical to the VE was not supported by substantial evidence because the ALJ asked the VE to assume the hypothetical person could "perform work at the light exertional level" instead of using the exact same wording for the RFC the ALJ had determined: "less than the full exertional range of light work." (*Id.* (citing

---

[8]As discussed above, the ALJ reduced the exertional level for Plaintiff's RFC based on medical records created after Dr. Palmer reviewed Plaintiff's file in October 2015. R. 36.

R. 137-138)). The VE's testimony regarding other work in the national economy served as the basis for the ALJ to determine that Plaintiff could perform the representative occupations of information clerk, ticket seller, and ticket taker. R. 23, 27. The Commissioner argues that the ALJ's hypothetical question to the VE was consistent with the RFC because the ALJ asked the VE to assume an individual with the capacity to perform light work with additional limitations which were those the limitations the ALJ specifically assessed in the RFC finding in the decision. (Doc. 31 at 2 (citing R. 39, 179-80). Plaintiff objects to that the Magistrate Judge's finding that the ALJ's decision was not erroneous.[9]

At step five of the sequential evaluation process, once the claimant has proven that the claimant can no longer perform past relevant work, the burden shifts to the Commissioner to show the claimant is "capable of performing other jobs existing in significant numbers in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 25, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003). "There are two avenues by which the ALJ may determine whether the claimant has the ability to adjust to other work in the national economy." *Philips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). "The first is by applying the Medical Vocational Guidelines." *Id.* The second was employed by the ALJ in the instant case: the use of a vocational expert. *See id.* at 1240.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). The ALJ, however, is not required to include "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or "findings . . . that the ALJ . . . properly rejected as unsupported" in the hypothetical question, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161

---

[9]The Magistrate Judge found the hypothetical properly accounted for Plaintiff's moderate limitations in maintaining concentration, persistence, or pace (Doc. 30 at 11-13). Plaintiff did not object to this portion of the report finding substantial evidence supported the ALJ's hypothetical to the VE with regard to these mental limitations.

(11th Cir. 2004). Where the ALJ relies on the VE's testimony but fails to include all the claimant's functional limitations in the hypothetical question, the final decision is not supported by substantial evidence. *See Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985)(quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).

The ALJ's hypothetical to the VE was based on substantial evidence and was not inconsistent with the RFC assessment and accounted for all of the limitations noted in the RFC. The ALJ asked the following hypothetical question to the VE:

> [A]ssume please a hypothetical person of the same age, education and work experience as the claimant. Further assume this person can perform work at the light exertional level. She can never climb ladders, ropes or scaffolds. She can occasionally climb ramps or stairs, occasionally balance, stoop, kneel, crouch, or crawl. She must avoid concentrated exposure to temperature extremes, wetness and workplace hazards. She can perform simple, routine tasks but with no more than occasional changes in a routine work setting. Could this person perform the claimant's past work?. . . And would there be other jobs this person could perform?

R. 179-80.

Plaintiff's argument regarding the wording of the ALJ's hypothetical is a red herring. She argues that although the ALJ's RFC limited Plaintiff to "less than the full exertional range of light work" (R. 25), the hypothetical question asked about a claimant who could perform work at the "light exertional level," thus that the hypothetical question did not contain the same limitations as the RFC. Plaintiff omits or fails to acknowledge that the hypothetical contained the exact same limitations verbatim that *reduced* the full range of "light work" found in the RFC assessment, notably: never climbing ladders, ropes or scaffolds; occasionally climbing ramps or stairs, balancing, stooping, kneeling, crouching, or crawling; avoiding concentrated exposure to temperature extremes, wetness and workplace hazards; and performing simple, routine tasks, with no more than occasional changes in a routine work setting. *Compare* R. 25 *with* R. 179-80.

Because the ALJ's hypothetical question to the VE included the verbatim limitations that the ALJ included in the RFC, based on the medical evidence of record, it was based on substantial

evidence. In the *Freeman* case (discussed *supra*), the plaintiff argued that the ALJ erred in posing an inaccurate hypothetical to the VE because it lacked limitations on standing, walking, or sitting because it failed to include work-related abilities on a function-by-function basis in the RFC. The Eleventh Circuit rejected that argument, holding the ALJ's inclusion in the hypothetical to the VE that the hypothetical individual was limited to "light exertional activity," was sufficient to include limitations on sitting, standing, and walking. 220 F. App'x at 960. As in this case, the ALJ's indication in the hypothetical that the individual was limited to less than the full range of light work because of non-exertional limitations was sufficient to include the limitations of light work for sitting, standing, walking, and lifting. Accordingly, the ALJ decision in this case was based on substantial evidence.

### C. *Any error by the ALJ was harmless*

Based on a review of the record as a whole, the Court finds that any error caused by the ALJ's "unclear" wording or omission of the function-by-function analysis in the RFC would not rise above the level of harmless error. The ALJ clearly considered the record as a whole, including all of the medical evidence, Plaintiff's testimony, and the state agency physician's opinion in determining that the claimant was not disabled. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying harmless error analysis to a Social Security case); *Howard v. Soc. Sec. Admin.*, *Comm'r*, 566 F. App'x 784, 787 (11th Cir. 2014) ("even if the AC improperly failed to consider some of [the plaintiff's] additional evidence, any error was harmless because we have independently reviewed all submitted evidence.") Moreover, the court is not required "to remand for express findings when doing so would be a "wasteful corrective exercise" in light of the evidence of record and "when no further findings could be made that would alter the ALJ's decision." *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 (11th Cir. 2013).

The ALJ's finding that Plaintiff's testimony was not entirely credible regarding the severity of her symptoms was sufficiently set forth and properly supported by substantial evidence. Substantial evidence supports the ALJ's adverse credibility determination[10] and the ALJ proffered specific and adequate reasons for discounting Plaintiff's testimony, including numerous mild or "normal" diagnostic testing results. *See Castel*, 355 F. App'x at 266. Thus, any error by the ALJ in the "unclear" wording or omission of the function-by-function analysis in describing Plaintiff's RFC was no more than harmless error.

Based on the foregoing, it is ordered as follows:

1. The Report and Recommendation filed December 2, 2019 (Doc. 29), is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's objections are **OVERRULED.**

3. The final decision of the Commissioner of the Social Security Administration denying the claim for Disability Insurance Benefits is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

4. The Clerk is **DIRECTED** to enter judgment, accordingly, and **CLOSE** the case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on March 12, 2020.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record

---

[10] Plaintiff did not object to the Magistrate Judge's finding on this point.